# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6888 | **DATE** | February 4, 2002 |
| **CASE TITLE** | | *Chase v. Nuehring* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Nuehrings' motion to reconsider the denial of their motion for class certification [36-1] is denied. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | Cm | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | | | mailing deputy initials |

U.S. DISTRICT COURT
CLERK

02 FEB -5 PM 1:26

FILED-CD TO

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MANHATTAN MORTGAGE | ) | |
| CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | 00 C 6888 |
| | ) | |
| JULIE ANNA NUEHRING and JAMES | ) | |
| E. NUEHRING, | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

According to defendants Julie and James Nuehring, plaintiff Chase Manhattan Mortgage

Corporation failed to properly respond to their inquiries regarding their residential mortgage

loan, in violation of the Cranston-Gonzalez amendments to the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2605(e) & (f). The court previously held that the Nuehrings had

failed to establish numerosity and hence denied their motion for class certification. The

Neuring's motion to reconsider is before the court. For the following reasons, the motion is

denied.

I.     **Background**

The court will assume familiarity with its prior order denying the Neurings' motion for

class certification. The court ruled on that motion without the benefit of the Neurings' reply

memorandum because the docket entry setting the date for the reply incorrectly referred to a reply

in support of the Neurings' motion for entry of a document preservation order. The court thus

assumed that the class certification motion was fully briefed. Because of this administrative

error, the court will revisit the motion for class certification afresh instead of applying the more

limited standard of review applicable to motions to reconsider.

## II.    Discussion

As noted in the court's prior order, the Nuehrings seek to certify a class comprised of:

(a) all persons (b) who made a "qualified written request" as defined in 12 U.S.C. § 2605 to [Chase] and (c) with respect to whom [Chase] either (i) failed to respond in writing as required by 12 U.S.C. § 2605(e)(2) or (ii) failed to take corrective action or (iii) failed to suspend credit reporting actions relating to the subject of the "qualified written request" until the request was resolved.

To prevail on their motion for class certification, the Neurings must establish that: "(1) the class is so numerous that joinder of all member s is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

They must also show that: (1) the prosecution of separate actions would create a risk of inconsistent adjudications or would impair the ability of non-parties to protect their interests; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b).

The gravamen of the court's prior order was that the Neurings had failed to establish numerosity. In reaching this conclusion, the court rejected: (1) the Nuehrings' argument that, because Chase is a large mortgage servicer, it by definition must have legions of dissatisfied customers like them; (2) their reliance on the ChaseBankSucks.com Internet site, which contains complaints from unhappy Chase customers who are distressed with a wide variety of services

provided by Chase; and (3) their claim that *In re McCormack*, 203 B.R. 521 (Bankr. D.N.H. 1996), supported their position.

In their motion to reconsider and their reply memorandum, the Neurings point to the deposition of Chase employee Janice Seymour, Manager of Correspondence Research. In that deposition, as well as an affidavit, Ms. Seymour discussed Chase's internal "service level" system for processing mail, which sets target dates for the completion of certain actions. Based on this evidence, the Neurings have calculated the number of letters that are not addressed within thirty calendar days (between 1,200 and 1,400 letters per year). They then conclude that "the Court could infer that some of these items that fall outside the 30-[calendar] day 'service level' will also fall beyond the 60 [business] days allowed by RESPA." Motion to Reconsider at 5.

This logic, while well-suited to the works of Lewis Carroll, is unconvincing. *See* L. Carroll, *Through the Looking Glass* 72 (1899), *available at* http://etext.lib.virginia.edu/toc/ modeng/public/CarGlas.html ("'I know what you're thinking about,' said Tweedledum: 'but it isn't so, nohow.' 'Contrariwise,' continued Tweedledee, 'if it was so, it might be; and if it were so it would be; but as it isn't, it ain't. That's logic'"). While common sense assumptions may support findings relating to class certification, pure speculation cannot be the only support for a finding of numerosity. *See* 2 *Newberg on Class Actions* at § 7.22 (3d ed. 1995).

This is especially true given that Ms. Seymour also stated that Chase's companywide "policy is to provide the mortgagor or its authorized agent with a final written response no later than 50 calendar days after receipt of the correspondence." Affidavit of Janice Seymour dated July 12, 2001 at ¶ 8. Even if the court assumes that a significant percentage of correspondence is covered by the Cranston-Gonzales Act, it goes without saying that both thirty and fifty calendar

- 3 -

days are less than the sixty business days specified in the Act. *See* 12 U.S.C. § 2605(e)(2). In other words, there is absolutely no record support for the inference that, because .9% of 70% of the letters that Chase receives are not answered within either thirty or fifty calendar days, enough of these letters are both "qualified written requests" under the Cranston-Gonzales Act *and* are not answered within sixty business days.

The court thus declines to revisit its order denying class certification. As the court previously stated:

> The Nuehrings have the burden of demonstrating numerosity. *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990). Moreover, while the Nuehrings need not specify the exact number of class members, they "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet*, 880 F.2d 954, 957 (7th Cir. 1989) (internal citations omitted) . . . . Nothing in the record allows the court to conclude that Chase not only had a policy and practice of failing to respond to letters covered by the Cranston-Gonzales Act but also routinely disregarded the procedures meant to assure compliance with that Act. *See Marcial v. Coronet*, 880 F.2d 954, 957 (7th Cir. 1989)(class certification is improper when the record does not support the inference that the plaintiffs' assumptions regarding the class size are correct).

July 9, 2001 Order at 6-8.

In short, the Nuehrings have failed to establish numerosity so their motion for class certification must, therefore, be denied. If the Neurings wish to pursue further discovery, they should raise this issue before Magistrate Judge Bobrick, who is supervising discovery. The court, of course, expresses no opinion on whether this is proper as it must be raised before Magistrate Judge Bobrick in the first instance.

## III.    Conclusion

For the foregoing reasons, the Nuehrings' motion to reconsider the denial of their motion for class certification [36-1] is denied.

DATE: 2 - 4 - 02

Blanche M. Manning
United States District Court Judge

00cv6888.re